

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00086-CR

SAMUEL MOSES WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1424392

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Following a trial by jury, Samuel Moses Williams was convicted of indecency with a child by contact and was sentenced to twenty years' imprisonment. Williams appeals.[1]

Williams' attorney on appeal has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 14, 2015, counsel mailed to Williams a copy of the brief, the appellate record, and the motion to withdraw.[2] Williams was informed of his right to review the record and file a pro se response, and he requested an extension of time in which to do so. This Court granted Williams' request for an extension of time and informed he that any pro se response was due on or before October 21, 2015. To date, Williams has not filed a pro se response.[3]

---

[1]In companion causes numbered 06-15-00087-CR, 06-15-00088-CR, and 06-15-00089-CR, Williams appeals three other convictions of indecency with a child by contact.

[2]By a September 18, 2015, order, this Court ensured that Williams had sufficient access to the record.

[3]Williams' last correspondence to the Court represented that he had retained counsel to assist him with the appeal. However, this Court has received no notice from the allegedly retained counsel.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[4]

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 18, 2015
Date Decided:       November 19, 2015

Do Not Publish

---

[4]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.